# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0295
Lower Tribunal No. 2023-CT-007631-A-O

_____

SHERRITA JAVON NORTHERN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Orange County.
Amanda S. Bova, Judge.

July 10, 2026

NARDELLA, J.

Sherrita J. Northern ("Northern") appeals her conviction for driving under the influence in violation of section 316.193(1)(a), Florida Statutes (2023). Under Florida's DUI statute, the legislature defined the offense to encompass not only persons who are actively driving a vehicle while impaired, but also persons who are in "actual physical control" of a vehicle. Northern contends that the trial court should have granted her motion for judgment of acquittal because there was insufficient evidence at trial to establish that she was in actual physical control of her vehicle because the evidence showed that her key was not in the vehicle's ignition.

Evidence was presented at trial that Northern's key was in the ignition. Thus, while couched as a sufficiency of the evidence argument, Northern really challenges the weight of the evidence adduced at trial, which is not the focus of a motion for judgment of acquittal. On review of a motion for judgment of acquittal, it is the sufficiency of the evidence that is at issue and the question posed is "whether the evidence presented is legally adequate to permit a conviction." *Robbins v. State*, 250 So. 3d 722, 725 (Fla. 4th DCA 2018).

In contrast, Northern's argument on appeal—that better evidence proves her key was not in the ignition while she sat in her vehicle—would require this Court to reweigh the evidence, and such a course of action is improper. *See Guibord v. Ford by & through Chopin*, 338 So. 3d 928, 929 (Fla. 4th DCA 2022) ("Granting appellate relief . . . as requested by Appellant would involve reweighing evidence and accepting what Appellant contends is the 'better' evidence. Such a course of action is improper for an appellate court." (citing *Michael Anthony Co. v. Palm Springs Townhomes*, 174 So. 3d 428, 432 (Fla. 4th DCA 2015))). We therefore affirm as to the only argument made by Northern. In doing so, we note that while Northern disputes the evidence, she makes no argument, either below or on appeal, as to the proper meaning of "actual physical control" of a vehicle. *State v. Washington*, 403 So. 3d 465, 470 (Fla. 6th DCA 2025) (explaining that without any authoritative interpretation by the Florida Supreme Court or our own district, we undertake our interpretive work according to first principles, which requires that

2

statutes be interpreted according to the plain meaning of their text, looking to all the textual and structural clues that bear on the meaning of a disputed text and using the traditional interpretive canons for guidance where helpful.). Therefore, our decision in this case should not be taken to express a view as to the correct interpretation of this portion of the statute. *Ruffenach v. Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec. Inc., Asset-Backed Pass-Through Certificates Series 2005-R8*, No. 51 6D2023-1482, 2026 WL 785140, *12 (Fla. 6th DCA Mar. 20, 2026) (Mize, J., concurring) ("If it is not already clear, parties and their counsel litigating in courts within the Sixth District should vigilantly watch for issues on which our sister courts have erred and which we can correct… On appeal in this court, that argument can then be raised as a basis for reversal and decided. When the issue is properly brought before us, we will always endeavor to decide the issue correctly under the law, with due respect to our sister courts but never deference.").

AFFIRMED.

BROWNLEE, J., concurs.
SMITH, J., concurs in result only.


Blair Allen, Public Defender, and Susan M. Shanahan, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Kurt T. Koehler, Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED